

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

*See art. 5.11 Election co.
as amended in 1963, re
application through out
sprit*

October 26, 1951

Hon. Ramie H. Griffin
Criminal District Attorney
Beaumont, Texas

Opinion No. V-1330

Re: Legality of issu-
ing a poll tax re-
ceipt based on an
unsworn statement
personally delivered
to the Tax Assessor-
Collector by someone
duly authorized to
act for the taxpayer.

Dear Sir:

Your request for an opinion presents the following questions:

"(1) Under the terms of House Bill No. 6 and after its effective date if a third person presents a written statement requesting that a poll tax receipt be issued to him on the behalf of the taxpayer, is the collector authorized to issue the poll tax receipt, upon payment of the tax, when the written statement is not sworn?

"(2) If such a statement referred to in question No. 1 is presented to the collector after January 1, 1952, the statement having been made in October, November or December, 1951, can the Collector-Assessor issue a poll tax receipt?"

The present Texas statutes governing the mode of paying the poll tax and the issuance of poll tax receipts are Articles 2961 and 2962 of Vernon's Civil Statutes.

Article 2961 provides in part:

"If the taxpayer does not reside in a city of ten thousand (10,000) inhabitants or more, his poll tax must either be paid

> by him in person or by some one duly
> authorized by him in writing to pay
> the same, and to furnish the Collector
> the information necessary to fill out
> the blanks in the poll tax receipt.
> Such authority and information must be
> signed by the party who owes the poll
> tax, and must be deposited with the Tax
> Collector and filed and preserved by
> him."

Article 2962 provides in part:

> "In all cases where the taxpayer
> resides in a city of ten thousand (10,000)
> inhabitants or more, the tax must be paid
> in person by the taxpayer entitled to the
> receipt, except as provided by this Arti-
> cle. . . . If a person residing in a city
> of ten thousand (10,000) inhabitants who
> is subject to pay a poll tax, leaves the
> county of his residence with the intention
> not to return until after the first day of
> the following February, and does not re-
> turn before that time, he shall be entitled
> to vote, if possessing all other legal
> qualifications, by paying his poll tax
> or obtaining his certificate of exemption
> through an agent authorized by him in writ-
> ing, which shall state truly his intention
> to depart from the county, the expected
> period of his absence, and every fact ne-
> cessary to enable the Tax Collector to
> fill the blanks in his receipt. Such
> authority in fact, <u>must be sworn to by the
> citizen, and certified to by some officer
> authorized to administer oaths.</u> It shall
> be deposited with the Tax Collector and
> kept in his office." (Emphasis added.)

The law governing the payment of poll
tax by an authorized agent has been substantially
changed by House Bill 6, Acts of the 52nd Legisla-
ture, R.S. 1951, chapter 492, page 1097, (Texas
Election Code), which becomes effective January 1,
1952. Article 43 of the code provides in part:

> "Mode of paying poll tax. The poll
> tax must either be paid in person or by

someone duly authorized by the taxpayer
in writing to pay the same, and to fur-
nish the Collector the information ne-
cessary to fill out the blanks in the
poll tax receipt. Such authority and
information must be signed by the party
who owes the poll tax, and must be de-
posited with the Tax Collector and filed
and preserved by him. . . . Article 2962
is hereby repealed."

Under the provisions of the above
quoted article, there is no distinction made be-
tween residents of cities under ten thousand in-
habitants and residents of cities over ten
thousand inhabitants. Under this act, an unsworn
authorization giving the necessary information
will be acceptable after December 31, 1951, in
all cases when presented by such agent upon the
payment of the tax.

Passing to your second question, we
find no statute limiting the time for giving such
authorization and no provisions for dating it.
If the written authorization complies with the
statutory requirements at the time it is present-
ed to the tax collector, it is acceptable and
valid even though it was written some months be-
fore when another statute governed such authori-
zation.

## SUMMARY

On and after January 1, 1952, an
unsworn authorization signed by the per-
son owing the poll tax, accompanied by
his signed statement of all information
necessary for filling in the poll tax
receipt blanks, will be acceptable in all
cases when presented by the agent to the
tax collector for payment of the tax.
H.B. 6, Art. 43, Acts 52nd Leg., R.S. 1951,
ch. 492, p. 1097, (Texas Election Code).

158

        A written authorization which meets
the qualifications set by the statute
at the time it is presented is acceptable
although written some months previously
when another statute controlled.

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                    PRICE DANIEL
County Affairs Division             Attorney General

Everett Hutchinson
Executive Assistant

                                 By ~~Robert H. Hughes~~
Charles D. Mathews                  Robert H. Hughes
First Assistant                             Assistant

RHH:mh